**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ROBERT ANTHONY HUBBARD**                                                         **PLAINTIFF**

v.                                                                                                  **No. 4:12CV47-A-S**

**CORRECTIONAL CORPORATION
OF AMERICA, ET AL.**                                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Robert Anthony Hubbard, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

Hubbard claims that after a June 6, 2011, massacre at the Delta Correctional Facility, the heightened security measures led to a periodic instances of delays in food service, cold food, no milk (for eight days), no fruits or vegetables, too little food, and food left on trays for too long. He also alleges that for three meals the defendants took away the unit microwave, and, as a result, he could not warm his cold cuts. He claims that his food spoiled from sitting out too long, leading him to contract food poisoning. As a result, from August 12, 2011, to August 22, 2011, he experienced fever, headaches, irregular bowel movements, excessive sweating, and lightheadedness. Finally, he alleges that, despite several requests for medical treatment, he was not treated for this condition until August 23, 2011. Nurse Brown put Hubbard on a special diet for 90 days, and he returned to health.

**General Conditions of Confinement**

Hubbard's claims regarding cold food and sickness do not state a constitutional claim. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), Hubbard's claims do not rise to the level of a constitutional violation. He has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581.

**Negligence**

In addition, Hubbard concedes that the delays in serving food arose from additional security measures (such as feeding inmates individually in their cells, rather than in a group) in the wake of a massacre occurring at Delta Correctional Facility. The additional burdens imposed by heightened security interfered with the regular routine of feeding inmates. These allegations sound in negligence only, and negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This claim is without merit and will be dismissed.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as the present one, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against

3

the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Hubbard received medical treatment (90 days of a special diet) for his illness, but he did not receive treatment for ten days. His symptoms included fever, headaches, irregular bowel movements, excessive sweating, and lightheadedness. Though he experienced ten days of discomfort from the symptoms he describes, he has not stated a claim for deliberate indifference to a serious medical need. A simple change in diet relieved his symptoms. Hubbard, himself, attributes both the trouble with food delivery and the delay in his medical care to the aftermath of the extreme violence at Delta Correctional Facility, not to malice or deliberate indifference on the part of the defendants. These allegations fail to state a claim upon which relief could be granted.

In sum, all of the plaintiff's claims will be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 7th day of September, 2012.

                                                                   /s/ **Sharion Aycock**
                                                                   **U.S. DISTRICT JUDGE**